UNITED STATES v. The LEVI ROWE. See Cases Nos. 8,293 and 8,294.

---

## Case No. 15,594.

UNITED STATES v. LEVITT et al.

[1 N. Y. Leg. Obs. 92.]

District Court. D. Massachusetts. 1842.

CUSTOMS DUTIES—EVASION OF LAWS—LEADEN BUSTS.

[It seems that busts made of lead are free of duty under the act of 1832 (4 Stat. 583), under the clause providing for "all busts of marble, metal or plaster," although they in fact were imported for use as lead and were put into that form to avoid the duty of 3 cents a pound on "lead in pigs, bars and sheets."]

A. Dunlap, U. S. Dist. Atty., stated that this was an action on a custom house bond given by Messrs. Levitt & Co. for the payment of certain duties claimed by the government upon a large quantity of leaden busts imported per ship Julian, which duties defendants now refused to pay. Messrs. Levitt & Co.., Mr. Dunlap said, were lead manufacturers at Brooklyn, New York, and had imported these articles under the name of metal busts affirming them as such to be free from duty under the act passed by congress in 1832, which provides that "all busts of marble, metal, or plaster shall be imported into the United States free of duty." The custom house authorities however contended, that the busts in this case were but pigs of lead thrown into their present form for the purpose of avoiding the duty. This Mr. Dunlap said was clearly the case, and the defendants had violated the law,—at least its spirit,—by which alone the court ought to be governed. Congress he said, had evidently never intended that lead should be thus imported, they had lately discovered the "leak" in the former act, and had, at the last session passed another act prohibiting the admission of busts unless they could be proved to be double the value of the metal of which they were composed. This Mr. Dunlap designated as "declaratory law" and we understood him as saying that it ought to have its effect on the present occasion.

Daniel Webster, for defendants. The law imposed a duty of three cents per pound upon "lead in pigs, bars and sheets." Now the simple question was, whether the articles before the court (the busts) were, or were not, pigs, bars or sheets of lead. Certainly they were not. He had no desire to see the laws evaded. He had performed his share of duty elsewhere in supplying the defect which existed in relation to the importation of lead. There was, however, a fatal omission in the act of 1832, under which these busts had been imported,—a "leak" as the counsel for the government had termed it,—and such being the case, the defendant in the present case could not be called upon to pay the duty. As to the law passed by congress during the last session, that had nothing to do with the present case. No law could operate retrospectively. All new laws looked to the future, not to the past: and the very fact of congress having amended the law of 1832 proved the existence of the defect and omission which had led to the importation of the articles in question. He (Mr. Webster) repeated that he had no wish to sanction evasion of the law, but he thought it better, now that the leak in the act of 1832 had been stopped,—now that no further evil could accrue,—that the revenue should suffer in this single instance, rather than that a forced construction should be put upon the law in order to procure a conviction. Mr. Dunlap replied.

DAVIS, District Judge, addressed the jury in a most able and impartial charge, in the course of which he alluded to a former decision in relation to sugar. The duty on loaf sugar, he said had been fixed at a very high rate, but was eluded in many cases by the introduction of an article in a pounded state. The government claimed the duty, but the court notwithstanding the pounded sugar was superior to the best American loaf sugar that could be obtained, decided that it was not loaf sugar, and therefore not subject to duty.

The jury, after some deliberation, gave it as their opinion that the articles in question were leaden busts and consequently free from duty.

The total amount of lead imported by Messrs. Levitt & Co., in the shape of busts during the summer, was stated to be 664,000 pounds.