## Case No. 16,502.

UNITED STATES v. THREE HUNDRED
AND NINETY–SIX BARRELS DIS-
TILLED SPIRITS.

[3 Int. Rev. Rec. 114.]

District Court, E. D. Missouri. March 1,
1866.

INTERNAL REVENUE ACT—FORFEITURE OF LIQUOR
—PROCEEDINGS.

[1. An information for a forfeiture of liquor
may properly contain distinct articulations.]

[2. Such information should contain the for-
mal conclusion prescribed by the rules of the
supreme court, "contrary to the form of the
statute," etc.]

[3. An information for a forfeiture, under
the 68th section of the act (June 30, 1864), does
not embrace the causes mentioned in the 48th
section.]

[4. The removal of spirits by the distiller before they have been officially inspected, gauged, and proved is a cause of forfeiture.]

[5. The failure of the inspector to mark on the barrels the quantity and proof, as enjoined by the 59th section, is not a cause of forfeiture.]

[6. A removal before payment of duties is not a violation of the act.]

[7. Spirits manufactured by the distiller, and still owned by him, are liable to forfeiture, wherever they may be found in the United States.]

[8. A refusal or neglect to comply with any of the requirements of the 57th section works a forfeiture under the 68th section.]

[9. The forfeiture under the 68th section, and the penalty of $500, therein prescribed, are independent of any other penalties named, and are cumulative.]

[10. A suit in another court on the distiller's bond, commenced before an information for the forfeiture under the 68th section, or before the seizure of the property, does not bar or abate the forfeiture proceedings.]

[11. The original information may be amended after 20 days by adding new articles, containing additional causes of forfeiture.]

[12. The court of the district where the res is seized has jurisdiction of the information, though the violation of the law occurred in another state.]

On the 18th day of April, 1865, the district attorney filed an information against the property in question, under the act of congress approved June 30, 1864 [13 Stat. 223], in which it was alleged that the seizure was within the time limited by the proviso to the 68th section of said act, to-wit; thirty days after cause of forfeiture came to the knowledge of the collector of internal revenue, by whom the seizure was made; and also that the causes of forfeiture were removal by the distiller before inspection, removal by him without having the same marked, as required by section 59 of said act, removal before payment of duties, and that same had been removed by the distiller for purpose of avoiding payment of duty; the last cause of forfeiture being intended to fall within the 48th section of the act. On the 19th of April, 1865, a warrant was issued on said information, returnable June 5, 1865. On June 3d, Ferdinand Braun filed his formal claim as sole and bona fide owner. The return on the warrant showed that the custody of the res was retained by the collector, under the provisions of the statute. On the return day, to-wit: the 5th of June, the district attorney, by leave of court, filed an amended information, setting out other causes of forfeiture under the act than those originally assigned. On the 10th of June, Ferdinand A. Reuss, in whose possession the res was found when seized, intervened, claiming a factor's lien for balance due. On the 19th of June the claimant, Braun, filed a motion to quash the amended information, for reasons set out specifically in the motion. On the subsequent hearing of said motion, the court overruled it, for reasons repeated substantially in the opinion delivered on the motions for new trial and in arrest. The opinion delivered orally covered the whole ground which could be reached on a motion to quash or a demurrer. On the 5th of July following, Braun filed general and special demurrers to the amended information, which were not formally heard, as said 5th of July was at the close of the session of the court. On the 20th day of the following November (it being the second day of the November term, 1865), the district attorney, by leave of court, filed a second amended information, covering all the causes of forfeiture previously alleged, and several additional causes, so as to have a formal decision by the court on the various propositions of law covered by the case. On the 28th of November, Braun demurred to the second amended information and the several articles thereof.

The court sustained the demurrer as to the third, fourth, fifth, and sixth articles, and overruled it as to the first, second, seventh, tenth, eleventh, twelfth, thirteenth, and fourteenth articles—the fourteenth being merely the formal conclusion in such cases. On December 11th, Braun, filed several pleas, intended for the "general issue," and special pleas to the remaining articles. On December 13th, Braun filed additional "special pleas;" to which the district attorney interposed demurrers on the 14th, and said demurrers were on that day sustained by the court. On the same day (December 14, 1865), the case was continued on application of claimant, Braun, to the next term. At the next, or February term, 1866, issues having been joined on the remaining pleas, the trial before a jury was commenced, which lasted several days. On the 1st day of March, 1866, the jury, under the following "charge" by the court, found for the United States on the first, tenth, eleventh, twelfth, and thirteenth articles; and against the United States on the second and seventh articles. The charges in the second and seventh articles were for removal by the distiller, Braun, before inspection, gauging and proving by the proper inspector. On the 2d of March, Braun filed a motion for new trial, and subsequently a motion in arrest; each of which motions was overruled for reasons stated in the written opinion thereon. [See Case No. 16,503.] Thereupon the court entered judgment of forfeiture against the res, and for costs of prosecution against the claimant, Braun. As the res had been previously delivered to Braun on bond, for the appraised value, according to the provisions of the statute in such cases, the court, on motion of the district attorney, entered an order on the principal and sureties, according to the tenor of said bond, to pay into the registry the full amount thereof. On the 17th of March, exceptions to the claim of F. A. Reuss were argued, and overruled on the 19th; and, on the latter day, said claim was heard on the evidence offered. The rulings of the court on that claim, with the reasons therefor, are embodied in the following opinion on that branch of the case, which was

given in writing. Thereupon the court made a final order disposing of the fund in the case, viz.: to pay out of the funds, first, the costs and expenses, other than those previously adjudged against Braun; second, the amount of Reuss' lien demand ($11,874 77); and, then, the residue to the collector of internal revenue (the informer), one-half to his own use and one-half to the use of the United States.

Among the many rulings by the court, during the progress of the cause, on the motion of quash, demurrers to the amended informations and pleas, objections to the admissibility of evidence offered, etc., were decisions to the following effect: (1) The structure of the information by distinct articulations, as in libels of information on the instance side of the court in admiralty, was correct. (2) The formal conclusion is prescribed by the 22d rule adopted by the supreme court of the United States: "contrary to the form of the statute," etc., and must be adhered to. (3) An information for a forfeiture under the 68th section of the act, does not embrace the causes mentioned in the 48th section; for the latter are for the conduct and intentions of the parties in whose possession the property is found, and not for the previous actions of the distiller, out of whose possession the distilled spirits have passed. (4) That the removal of spirits by the distiller before the same have been officially inspected, gauged, and proved, as required by the 59th section, is a cause of forfeiture under the 68th section. (5) That the duty to mark on the barrels the quantity, proof, etc., enjoined by the 59th section, is an official duty imposed by law on the inspector, and his failure to perform that duty in any particular, does not work a forfeiture of the distiller's property. The latter is liable only for his own acts of omission and commission, and for those of his agent and superintendent in the distillery. The 68th section is confined to the neglects and refusals of the latter, and not of the inspector or other officers. Hence, a removal of the spirits, the same not having been marked, etc., is no cause of forfeiture. (6) A removal before payment of duties is not a violation of the act. Although the phraseology of the law differs in different sections, yet the true construction thereof is, that the spirits must be first inspected, and true returns of those distilled and sold, or removed for consumption or sale, made to the collector at the times required; at which times the duties are payable, and not before. The books to be kept by the distiller, and the inspector's return, if true, will enable the assessor and collector to ascertain if the distiller's tri-monthly returns are correct. (7) All spirits manufactured by a distiller and still owned by him, wherever found in the United States—whether in the distillery, or in a different district or state, and whether duties had been paid on such spirits or not—are liable to seizure and forfeiture under the 68th sec-

tion. (8) A refusal or neglect to comply with any of the requirements enjoined on the distiller by the 57th section, works a forfeiture under the 68th section, to wit: a refusal or neglect of any one of the following requirements: To have made in the proper books, true and exact entries of the number of gallons of spirits distilled, etc.; to render to the assessor or assistant assessor correct duplicate accounts, as required; to verify, as prescribed, the entries, books, reports and accounts required; to forward to the collector correct duplicate accounts, as prescribed; to pay to the collector, when rendering said accounts to him, the duties then due and payable; to keep the book or books prescribed therefor by the commissioner of internal revenue for entries concerning what is daily placed in the mash tub; if the charge is for not following the prescribed form, there must be an allegation that a form was prescribed; to have correct entries made in the latter books concerning the mash tubs. (9) A failure to report or pay, under the 55th section, the increased duties thereby imposed on spirits on hand, July 1, 1864, on which duties had not been previously paid, works a forfeiture, under section 68. (10) The facts set up in the first and second additional pleas, filed December 13, 1865, constitute no defence or bar to these proceedings, to wit: That since the commencement of this suit, the assessor of the district in Illinois, where Braun's distillery is situated, has assessed against him for alleged deficiencies in payment of duties down to April 10, 1865, the sum of $109,051 51; and that the collector there had demanded of Braun the payment thereof, together with a penalty of 100 per cent. thereon, making the amount so demanded $218,103 02; and that he had on the 5th of June, 1865, levied on all Braun's real and personal estate, and had sold all his personal estate on the 12th of July, and that said real and personal estate was worth the full amount so assessed, etc. Said assessment and levy did not operate a full satisfaction or waiver of all other demands by the United States against said Braun for his alleged violations of the said act of congress, or for his failure to pay the duties required of him in manner and form, as prescribed by the statute. The forfeiture under the 68th section, and the penalty of $500 therein prescribed, are independent of the other penalties named, and are cumulative. (11) A suit in another court on the distiller's bond, given under section 53, commenced before an information for a forfeiture under the 68th section, or before the seizure preceding such information, does not bar or abate the proceedings to enforce said forfeiture. (12) The amendment of the original information, after the expiration of twenty days, by adding new articles containing additional causes of forfeiture, is not inadmissible, nor violative of the limitation contained in the pro-

viso to the 68th section. (13) The court of the district where the res is seized has jurisdiction of the information for a forfeiture, although the violations of the law may have been committed by the distiller in another state.

These are substantially all the rulings of importance, except those covered by the charge to the jury and the opinions, which were delivered in writing; and all that are necessary for a full understanding of said charge and opinions.

W. N. Grover, U. S. Dist. Atty., and George B. Kellogg, for the United States.

Gustavus Koerner, John M. Krum, Ernest W. Decker, Chester Harding, Jr., and Chester H. Krum, for claimant and intervener.

THE COURT (charging jury). Under the pleadings and admissions in this case, it is necessary for the court to direct your attention only to the following considerations: When a cause of forfeiture exists, under the 68th section of the act of June 30, 1864, the collector or deputy collector may seize the property supposed to be forfeited, at any time within thirty days after the cause of forfeiture comes to his knowledge; and must within twenty days after such seizure, cause proceedings to enforce the forfeiture to be commenced. The testimony, as to the time when the cause of forfeiture in this case came to the knowledge of the collector, and of the deputy collector as to the time within which proceedings were commenced to enforce said forfeiture. The collector has stated, as a witness, when his knowledge as to the cause of forfeiture occurred, and so has the deputy collector as to the date of his knowledge. You have also before you the date of the commencement of proceedings to enforce said forfeiture, to wit: 18th of April. If the seizure and proceedings fall within the time mentioned, then you are to enquire into the existence or non-existence of the causes of forfeiture alleged in the 2d, 7th, 10th, 11th, and 13th articles of the amended information filed on the twentieth of November, 1865. Some of the causes alleged in those articles may not have been averred in the original information filed on the 18th of April, 1865, but, if the additional causes actually existed at the time of seizure, they are as proper subjects of inquiry on this trial as if they had been so averred originally. The charges in said articles of the amended information are for violations of the act of June 30, 1864; and, therefore, no violations of any antecedent act, and no violations of said act of June, which may have occurred after the seizure in this case, are subject matters of inquiry in this suit. Testimony as to the antecedent and subsequent matters has been admitted; not, however, for the purpose of showing a cause of forfeiture prior to June 30, 1864, or subsequent to the seizure, but to enable you to determine whether any of the causes of forfeiture, alleged in the amended information,

occurred within the periods of time stated. The sale of distilled spirits, which may have been made to Reuss & Co. after the seizure in this case, is not a cause of forfeiture, now on trial, and the jury should disregard so much of the testimony relating thereto as refers to the nature or good faith of that particular transaction. A portion of the testimony consists of alleged admissions made by the claimant, Ferdinand Braun. Some are said to be direct statements by him, and some acquiescence by him in statements made by others. All such testimony, especially the latter, is to be received with great caution. Hence the jury should duly weigh the circumstances under which the alleged admissions are said to have been made, in order to ascertain whether the recollection and repetition thereof by the witnesses are accurate; whether they caught the precise meaning intended to be conveyed, or whether the person making the admissions caused himself to be clearly understood. Admissions by acquiescence depend, for their force and effect, upon the relations which the parties to the conversation bear to each other, and the circumstances under which the conversation between them takes place. If the statement acquiesced in is made by one who has a right to be informed or to investigate the subject, then the acquiescence, by silence or otherwise, is to receive more weight than under other circumstances it would be entitled to receive. A statement by a mere stranger, which, for its impertinence, receives the rebuke implied by silent contempt, should have no force as evidence. It is the duty of the jury, therefore, who are exclusively to judge of the weight due to the evidence before them, to consider all the facts and circumstances attending the alleged conversations, in the course of which admissions are said to have been made, in order that they may determine what weight is due to the alleged statements of Braun, or his acquiescence in the statements made to him by the witnesses.

The court designed to exclude all his statements which were confidential overtures of pacification, or offers or propositions of compromise, or which were made as a part of negotiations for compromise, or under the faith of pending negotiations into which he had been led by confidence in the success of a suggested or proposed compromise. If, however, any statements or admissions by him, under such circumstances, have been given in evidence, the jury should disregard them. But any independent statement of facts made by him, not on the condition, tacit or express, that the same was to be treated as confidential, or as an overture for a compromise, should be treated as evidence in the cause and duly weighed. An offer to pay a sum named, by way of compromise, is not admissible as proof that any sum is due; but an admission that a sum is due, as an independent fact, is proper evidence, and is to be treated as all other admissions.

The jury should also weigh all other testimony, in order to ascertain what is the exact truth with respect to every controverted fact. They are to judge of the credibility of the witnesses and of their statements, not only by their manner of testifying, but by their opportunities for knowing accurately or definitely the precise fact, or facts detailed by them. It is proper to consider also their relations to the case and to the parties, their means of knowledge, accuracy of memory, disinterestedness, and all other facts and circumstances which will enable the jury to judge, with correctness concerning the reliability of the testimony in any one or all respects. The act of congress, approved June 30, 1864, under which this suit is brought, imposes on a licensed distiller within the United States, the following among other duties: (1) He shall not use, or remove, for any purpose, from his distillery, any spirits distilled by him, before the same are inspected, gauged and proved by the proper official inspector. It is apparent that the provision just named is deemed essential to the due protection of the government revenue. The law imposes on the official inspector several duties, for a failure to perform which, the distiller is not liable in person or property. Hence, a failure by the inspector to properly mark on any one or more barrels of distilled spirits the date of the inspection, the quantity and proof of the contents, or any other matter required of him, does not work a forfeiture of the distiller's property. The latter has performed his duty if he refrains from removing or using the spirits before the same have been inspected, gauged, and proved by the official inspector. If, on the other hand, he uses or removes spirits distilled by him before such inspection has been made, he forfeits not only the uninspected spirits, but all others distilled by or for him which he still owns, and which may be seized by the collector or deputy collector, under the circumstances and within the times already stated. Hence, the evidence offered in this case upon that point, is not for the purpose of ascertaining as an independent fact, whether the inspector properly marked the barrels, but whether he ever inspected the spirits at all, before the same were removed from the distillery to St. Louis, or any other spirits so removed. (2) The law required each distiller, if he manufactured more than one hundred and fifty barrels of spirits per year, to render to the assessor or assistant assessor of the district, on the first, eleventh and twenty-first days of each month, or within five days thereafter, an account, in duplicate, taken from his books, of the number of gallons of spirits distilled at his distillery, and also the number of gallons sold or removed for consumption or sale, and the proof thereof, not before accounted for; and to make, from day to day, true and exact entry, or cause to be entered, in a book, to be kept for that purpose, the number of gallons distilled, and also the number of gallons placed in warehouse,

and also the number sold, or removed for consumption or sale, and the proof thereof; also, to verify, or cause to be verified, the said entries, reports, books and accounts, by oath or affirmation, and immediately forward to the collector of the district, one of said duplicate accounts, duly verified as aforesaid; and also to pay to the collector the duties on the spirits so distilled and sold, or removed for consumption or sale, and in said accounts mentioned, at the time of rendering the duplicate account thereof.

From these last named provisions of the law it will be understood that the distiller must keep the required books, make daily entries therein, or cause the entries to be made, verify said books and entries, make tri-monthly reports to the assessor or assistant assessor, verify said reports, which are to be accurately taken from the books, and to contain the required statements, furnish to the collector a duplicate of said tri-monthly accounts, duly verified, and pay the prescribed duties at the time of rendering said duplicate accounts. By these requirements, faithfully complied with, the government would be able to ascertain correctly, and to receive the duties imposed by law, if none of the spirits were removed before inspection. A failure on the part of the distiller to discharge the legal duties thus imposed on him, or any of them, works, under the limitations referred to, a forfeiture of the property named in the act, which includes all the spirits distilled by or for him, and still owned by him at the time of the seizure. The time for payment of duties is not when the spirits are removed, but when the duplicate account thereof is returned to the collector. They may be removed previously, without a cause of forfeiture; but an accurate entry thereof must be made in the distiller's book, and an accurate account thereof, duly verified, returned to the assessor or his assistant, and to the collector. If these requirements are observed, the inspector's returns, the verified books of the distiller and his duplicate accounts, will correspond.

There is also another provision of the act of June 30, 1864, to be considered in this cause, viz.: All spirits in the possession of the distiller, or in public store, or bonded warehouse, on the first day of July, 1864, no duty having been paid thereon, are to be held and treated as if distilled on that day, and duties thereon to be paid within five days after the time of rendering the proper tri-monthly account thereof. Evidence has been admitted with reference to the returns of Mr. Braun, of the spirits distilled by him prior to the first day of July, 1864—not for the purpose of proving any violation by him of an antecedent law—but for the two-fold object of learning whether he had on hand at that time any unsold spirits previously distilled by him, on which duties had not been previously paid, and if so, whether he included them subsequently in his proper tri-monthly accounts, and paid thereon

the additional duty prescribed. If he had on hand at that time such spirits, and included them in his subsequent accounts, and paid the proper duties thereon, the jury would have some data, in connection with his subsequent sales and shipments, for ascertaining what amounts were subsequently distilled by him. If the spirits then on hand, on which duties had not been previously paid, were not included in his accounts, and the additional duty not paid thereon, as required, then those spirits, and others distilled and belonging to him subsequently, were subject to seizure and forfeiture.

As there are many articles or articulations in the information on which issues are joined by the pleas, the jury will find specially on each of those articles: (1) If they find, from the evidence, that the seizure was made by the collector or deputy collector, within thirty days after the cause of forfeiture came to his knowledge, and that he caused proceedings to enforce said forfeiture to be commenced within twenty days after said seizure, they will find, as to said first article in the information, the issue for the plaintiff; otherwise, they will find said issue for the respondent. (2) If they find that the 396 barrels of spirits seized, or any of them, were distilled at Belleville, Illinois, or within the United States, and were removed, or suffered to be removed, from the distillery by the distiller thereof, before the same had been inspected, gauged and proved by the proper inspector, they will find the facts, charged in the 2d article, for the plaintiff. (3) As to the 7th article, if they find that the said spirits, or any of them, were manufactured by said Braun, at Belleville, Illinois, and were removed or allowed to be removed, by him to St. Louis, before the same had been inspected, gauged and proved, they will find the issues, as to said 7th article, for the plaintiff. As to the 10th article, it alleges several causes of forfeiture, and if the jury find that any of said causes existed at the date of the seizure, they must find on said article for the plaintiff. The causes therein charged are substantially: that said Braun, being a licensed distiller, and subject to the requirements of the act of June 30, 1864, manufactured the spirits in question at his distillery, in Belleville, Illinois, after said 30th of June, and before the seizure, and was the owner of the same when they were seized in this case; and that the same was forfeited for the following causes: (1) That said Braun did not make true and exact entry, or cause to be entered, from day to day, in a book, kept for that purpose, the number of gallons of spirits distilled by him after June 30, 1864, and before the seizure; or, in other words, he did not, during that time, make, or cause to be made, daily, the entries in said book, as the law on that point, heretofore explained, required to be done. (2) That he did not render said tri-monthly accounts to the assessor or assistant assessor. (3) That he did not verify, as aforesaid, the said entries, reports, books and accounts. (5) That he did not pay to the collector, at the time and in the manner required, as aforesaid—viz.; at the time of rendering the tri-monthly accounts, or when the same should have been rendered to the collector—the duties by him payable on such distilled spirits. If any one of those five causes of forfeiture existed at the seizure, as alleged, and occurred within the times named, the jury must find for the plaintiff on that 10th article. These last named issues involve the truthfulness of the entries and returns, as well as the correctness of the amounts of duties payable by him, and paid,—whether he paid tri-monthly the full amount of duties which were then due. As to the 11th article, the issue is: Did said Braun sell, and remove for consumption and sale, after the 30th of June, 1864, and before the seizure, any spirits, by him distilled, after the first day of May, 1863, without paying the duties thereon at the time of rendering the tri-monthly account thereof, or at the time when, after said 30th of June, the tri-monthly account thereof ought to have been rendered, or at any other time after said 30th of June. This article involves an inquiry into the amount of distilled spirits on hand on July 1, 1864—the amount in the possession of the distiller, Braun, at that time—no duty having been paid thereon previously. Also, whether, if there were any such spirits on hand, he paid duties thereon subsequently. It also involves the inquiry whether said Braun failed, after said June 30, 1864, to pay, at any time, when payable, the proper duties on spirits distilled subsequently. If there was such failure to pay duties, either on the amount on hand on July 1, 1864, or on any spirits subsequently distilled, then the plaintiff is entitled to a verdict on that article. As to the 12th article: Did said Braun, after July 31, 1864, and prior to the seizure, fail to pay the duties required of him, on the spirits distilled by him, and sold, or removed for consumption or sale, during that period? As to the 13th article: Did said Braun, after July, 1864, and prior to the time of the seizure, fail to make to the assessor or assistant assessor of the proper district, correct tri-monthly returns of the amount of spirits distilled by him during said period of time, for any one of said tri-monthly periods? This issue requires the jury to find whether said Braun failed, at any one of said tri-monthly periods, to make a correct return to the assessor or assistant assessor, of the amount of spirits distilled by said Braun after July 31, 1864, and before the seizure. It involves the truthfulness of each and every one of the tri-monthly returns made to the assessor during that period. As to the issues joined on the allegations of the several articles named, if the jury find, from the evidence, that the allegations are true in manner and form, as alleged, they will so find, separately, as to each of said articles; and as to the allegations made in any of the said articles, if they find them not to be true, the verdict should be accordingly.

The only articles in the information containing allegations upon which the jury are to pass, are those named above, to wit: 1st, 2d, 7th, 10th, 11th, 12th, and 13th. The first article relates only to the time of seizure, and of the commencement of proceedings; and the others, to causes of forfeiture.

[For opinion of the court on motions for new trial and in arrest of judgment, see Case No. 16,504.]