# CAUSES DETERMINED

IN THE

# United States District Court

FOR THE

# District of Hawaii.

---

HONOLULU RAPID TRANSIT AND LAND COMPANY

*vs.*

AMERICAN-HAWAIIAN STEAMSHIP COMPANY.

July 21, 1905.

*Practice—Rules of Court—Deviation from:* A court may overlook deviations from such of its rules as are directory in character, when justice does not require strict conformity.

*Same—Admiralty courts:* Admiralty courts are always open for preliminary and mesne proceedings but not for the final disposition of suits.

*Same—Agency in bringing suits:* Authority of agent to bring suit for another must be shown unless he is an attorney-at-law licensed by the court.

*Same—Allegation of notice:* Under section 5281 R. S. U. S., libelant must allege notice to or knowledge on the part of respondent as to character and value of goods shipped.

*Same—As to goods being well and substantially packed—Allegation:* Allegation that goods were shipped in good order and condition sufficient as to their being well and sufficiently packed.

*Same—Contracts of affreightment as maritime contracts:* Contracts of affreightment are maritime contracts cognizable in courts of admiralty.

*Same—Interrogatories—Reference thereto in libel:* Neglect of reference not vital where interrogatories are attached to libel and signed by counsel.

*Same—Exhibit of contract of affreightment:* In libel for damages on contract of affreightment, copy of contract should be attached to libel when practicable.

1—D.

*In Admiralty*: Exceptions to libel *in personam*.

*Caslle & Withington,* Proctors for Libelant.
*Thompson & Clemons,* Proctors for Libellee.

DOLE, J. The libel, describing the libellee as a foreign corporation operating a line of steamships between the ports of the Atlantic coast of the United States and ports of the Pacific coast and Honolulu, as common carriers, complains that certain merchandise received by the respondent from the agents of the libelant in good order and condition in New York for shipment to Honolulu by way of San Francisco, was damaged by the negligence of the respondent to the amount of $389.08. The respondent filed exceptions to the libel, the first of which is as follows:

" First. Because this Honorable court is without jurisdiction to hear and determine the same for the reason that said libel is not entitled in this court but in the ' United States District Court, District of Hawaii.' "

Counsel for the respondent claim that the rules of this court having provided in rule first that the title of this court shall be "United States District Court for the Territory of Hawaii," such rule has the force of law and a departure from this description fails to bring the case within the jurisdiction of the court. The title standing at the head of the libel is "In " the United States District Court, District of Hawaii."

Rules of court are intended for the promotion of the work of the court and are within its control, especially where rules that are directory rather than mandatory in character, are deviated from, the court may in its discretion overlook such deviation where no particular principle is involved and the purposes of justice do not require adherence to the rule.

"It is always in the power of the court to suspend its own rules or to except a particular case from its operation whenever the purposes of justice require it." *United States v. Breitling,* 61 U. S. 252, 254; *Southern Pacific Co. v. Hamilton,* 54 Fed. Rep. 468, 474.

"Rules which are merely directory or which are prescribed solely for the governance of attorneys and the convenience of the court, may be dispensed with when the ends of justice so require." 18 Encl. Pl. & Pr., 1267.

Although the rule of this court has defined its title as above given, yet in practice the title "United States District Court, District of Hawaii," is often used and particularly in the official correspondence between the Attorney-General's Department and the officials of said court. Under ordinary circumstances I should allow the title to be amended on motion, but as these exceptions are allowed on some points, I will leave the correction to the amended libel.

Second exception: "Because this Honorable Court is without jurisdiction to hear and determine the same for the reason that said libel is entitled 'April term, 1905,' while said libel purports to be within the admiralty and maritime jurisdiction of the United States and of this Honorable Court."

Section 574 of the Revised Statutes of the United States provides that courts of admiralty shall be always open for certain work connected with admiralty issues, as follows: ·

"The district courts, as courts of admiralty, and as courts of equity, so far as equity jurisdiction has been conferred upon them, shall be deemed always open, for the purpose of filing any pleading, of issuing and returning mesne and final process, and of making and directing all interlocutory motions, orders, rules, and other proceedings, preparatory to the hearing, upon their merits, of all causes pending therein. And any district judge may, upon reasonable notice to the parties, make, and direct and award, at chambers, or in the clerk's office, and in vacation as well as in term, all such process, commissions, orders, rules, and other proceedings, whenever the same are not grantable of course, according to the rules and practice of the court."

This provision makes it clear that such courts are always open only for the preliminary and mesne proceedings of such cases but not for the final disposition thereof.

"The provision that courts of admiralty shall be always open does not relate to the passing or otherwise dealing with final decrees." 1 Notes on R. S. U. S., 89; 15 Ops. Atty. Genl. 575, 578.

This opinion of the Attorney-General discusses the effect of the lapse of the term on decrees of admiralty courts, thus recognizing such courts as sitting in term like other courts, as to the final disposition of cases.

This exception is therefore overruled.

Third exception: "Because said libel is subscribed and sworn to by C. G. Ballentyne, who deposes that he is the manager of the complaining corporation, but does not depose that said act is the act of the corporation or that he, said Ballentyne, has authority to subscribe the name of said corporation or to sue in its name and on its behalf."

Counsel for the libelant cite the case of *Osborn v. United States Bank,* 22 U. S. 737, 830, as follows:

"No case has ever occurred, so far as we are informed, in which the production of a warrant of attorney has been supposed a necessary preliminary to the appearance of a corporation, either as plaintiff or defendant, by a gentleman admitted to the bar of the court."

The libel in this case is signed "Honolulu Rapid Transit & Land Company by its manager C. G. Ballentyne"; the verification is as follows:

" Territory of Hawaii,
    Island of Oahu,            } ss.
       Honolulu.

. C. G. Ballentyne, being first duly sworn, deposes and says: That he resides in Honolulu, in the Territory of Hawaii, and is Manager of the Honolulu Rapid Transit and Land Company, and that he has read the foregoing libel and the same is true.

(Sgd.)    C. G. BALLENTYNE

Subscribed and sworn to before me this
22d day of June, 1905.

> (Sgd.)   W. B. MALING,
>     Clerk, United States District Court,
>         Territory of Hawaii.

> .(Sgd.)   W. R. CASTLE,
> (Sgd.)   D. L. WITHINGTON.
> *Castle & Withington,* Proctors for Libelant."

It is recognized in the prevailing authorities that attorneys regularly licensed may commence or defend suits for litigants as their attorneys in the courts of which they are officers, and the court will not inquire into their authority. The reason of this is because such attorneys are officers of the court to whom the court has given its confidence in licensing them to practice, and when such officers begin or defend actions in such court for their supposed clients, the court presumes that they .are acting in good faith, and under authority. This rule does not apply to other agents for the obvious reason that they are not confidential officers of the court and may be persons with whom the court is unacquainted, and therefore uninformed as to their responsibility. The rule as to the presumption of authority in the case of counsel initiating proceedings does not apply in the case at bar, which is brought in the name of. the libelant by C. G. Ballentyne, who deposes that he is the manager of the libelant. Although counsel have indorsed the libel as proctors for libelant, as is the custom, that fact does not necessarily place them in the position of counsel for the libelant or remove the necessity of a showing of the authority of C. G. Ballentyne, to bring the action for libelant, because, so far as appears, such counsel, acting in undoubted good faith, may be acting merely on the supposition that Ballentyne has the necessary authority to bring the case. It is still necessary that Mr. Ballentyne's authority for bringing the action should be shown.

"The oath of an officer may give greater certainty as to the nature and amount of the claim which shall be finally allowed

against the bankrupt's estate, but for commencing proceedings the oath of any other agent of the corporation would seem to be equally satisfactory. The authority of the agent to act for the corporation is without doubt material, and should be set forth in the affidavit, or otherwise established." *In re Hanibel, et al.,* 11 Fed. Cas. 431, 432. (No. 6023.)

"Natural persons may appear in court, either by themselves, or by their attorney. But no man has a right to appear as the attorney of another, without the authority of that other. In ordinary cases, the authority must be produced, because there is, in the nature of things, *prima facie* evidence that one man is in fact the attorney of another. The case of an attorney-at-law, an attorney for the purpose of representing another in court, and prosecuting or defending a suit in his name, is somewhat different. The power must indeed exist, but its production has not been considered as indispensable." *Osborn v. United States Bank,* 22 U. S. 828.

The third exception is therefore allowed.

Exception four: "Because the allegations thereof disclose that the alleged damage was done to glass alleged to have been shipped, and it does not disclose or allege that said respondent corporation was notified that said shipment was glass."

The statute applicable to this point is section 4281 of the Revised Statutes of the United States, which is as follows, leaving out descriptions not necessary to this issue:

" If any shipper of  *  *  *  glass  *  *  *  contained in any parcel, or package, or trunk, shall lade the same as freight or baggage, on any vessel, without at the time of such lading giving to the master, clerk, agent, or owner of such vessel receiving the same a written notice of the true character and value thereof, and having the same entered on the bill of lading therefor, the master and owner of such vessel shall not be liable as carriers thereof in any form or manner."

This makes the liability of the respondent depend upon its knowledge of the character and value of the shipment; in other words, that it was glass and the value thereof. Chitty says on this point (1 Chitty on Pleading, 320) :

" When the obligation on the defendant to perform his contract depended on any event which would not otherwise appear from the declaration to have occurred, it is obvious that an averment of such event is essential to a logical statement of the cause of action, and should precede the statement of the defendant's breach. Such averments in a special action of assumpsit usually are, first, of the *performance* or excuse for non-performance of a condition precedent, or of the happening of some event essential to the cause of action; secondly, that the defendant had *notice* of such performance or of such event; and, thirdly, that he was *requested* to perform his contract."

In the case of *Watson v. Walker,* 23 N. H. 471, 491, the court said in relation to the necessity of giving notice of the performance of a condition precedent:

" In relation to notice the rule is, that whenever the fact upon which the defendant's liability is incurred, lies peculiarly within the knowledge and privity of the plaintiff, notice thereof must be stated to have been given to the defendant. But where the matter lies as much within the cognizance of the one party, as the other, notice is not necessary. When, however, notice is necessary, either by the terms or nature of the contract, it is of the gist of the action, and must be specially averred in the declaration, for without such averment, no complete right of action can appear."

Supporting this statement of the rule are, *Lent et al. v. Padelford,* 10 Mass. 230, 238; *Clough v. Hoffman,* 5 Wend. 500; *Rex v. Hollond,* 5 Term Rep. 607.

From these authorities and the provision of the statute, it appears to me that knowledge of the respondent of the fact of the contents of the shipment and of its value is essential to its liability. Although the statute provides that such notice shall be given in writing, yet the authorities agree that such notice is not necessary if such facts are within the knowledge of the respondent. In the case at bar the respondent could not very well be in possession of such information except from the libelant, and under the statute such information being necessary to create the liability on the part of the respondent, a

*prima facie* case is not made out without a showing either that such notice had been given or that such information was in the possession of the respondent,—it being in the nature of the gist of the action.

Counsel for respondent cite on this point the case of *The Aurora v. United States,* 11 U. S. 382, 388, in which the court said:

" In no case can it be necessary to state in a libel any fact which constitutes the defense of the claimant, or a ground of exception of the operation of the law on which the libel is founded."

This rule is adopted in the cases of *Six Hundred and Fifty-One Chests of Tea v. United States,* 22 Fed. Cas. 253, 258 (No. 12916); *United States v. The Little Charles,* 26 Fed. Cas. 979, 981 (No. 15612); and *United States v. Tilden,* 28 Fed. Cas. 179 (No. 16523), cited by such counsel.

In the case of *The Aurora,* one law required a forfeiture, and a subsequent law made an exception in favor of property belonging to an American citizen. The same circumstance of later legislation, creating an exception, existed in the cases of *The Little Charles,* and *Tilden,* and the courts in all these cases took the position that the benefit of such exception to the law was a matter of defense and therefore need not be stated in the libel.

In the case at bar, is the fact of notice or knowledge a matter of defense? I think not. Under the statute applicable to this case, no shipper of glass by water has a valid claim for damage thereto, unless he, at the time of shipping, informs the owners or agents of the vessel in writing or they are otherwise cognizant of the character and value of the goods shipped. This is an affirmative matter and should be alleged in the statement of the case; it is the gist of the case and cannot be classed with the exceptions recognized in the respondent's citations.

In the case of *Six Hundred and Fifty-One Chests of Tea,* cited by respondent's counsel, the circumstances were some-

what different, but the adoption of the precedent of *The Aurora* was based upon the law applicable to the case, which made it a " matter of defense to show that the teas were legally imported, and the duties paid or secured," and consequently no allegation to that effect was necessary in the libel.

This exception is therefore allowed.

The fifth exception, to wit, "because it does not ·appear in and by said libel that said glass was well and sufficiently packed," is overruled, the allegations of paragraphs two and three of the libel, to the effect that the packages were shipped in good order and condition on board the steamship Alaskan then lying in the port of New York, and that such packages were received in said good order and condition on board said steamer Alaskan, being sufficient allegations as to their being well and sufficiently packed.

Sixth exception: " Because the allegations of said libel do not disclose any admiralty and maritime claim or lien whereupon the decree therein sought should be founded."

This is overruled under the authority of *Morewood et al. v. Enequist,* 64 U. S. 491, in which the court said, referring to the case of *New Jersey Steam Navigation Co. v. Merchants' Bank,* 47 U. S. 344:

" We then decided that charter-parties and contracts of affreightment are 'maritime contracts' within the true meaning and construction of the Constitution and act of Congress, and cognizable in courts of admiralty by process *in rem* or *in personam.*"

Counsel for the respondent make a further objection in that the interrogatories attached to the libel are not connected therewith by appropriate or other references, referring to rule 39 of this court and admiralty rule 23.

Rule 39 requires that "amendments or supplementary matters, must be connected with the libel or other pleading by appropriate references, without a recapitulation or restatement of the pleading amended or added to." This rule is directory in its nature and is made for the convenience of the

court and for definiteness in regard to practice, but, inasmuch as the interrogatories in this case are attached to the libel and are signed by counsel, the omission of reference to them in the libel is not vital.

Admiralty rule 23 provides that "the libelant may further require the defendant to answer on oath all interrogatories propounded by him touching all and singular the allegations in the libel at the close or conclusion thereof." The introductory sentence to the interrogatories is as follows: "Interrogatories propounded by the libelant to the respondent, the American-Hawaiian Steamship Company, which it is required to answer by its officers or its duly authorized agents or servants and under oath."

Admitting the better practice of referring to the interrogatories in the libel, I do not see any reason for excluding them on the merely technical grounds advanced.

The counsel for respondent made the further objection at the hearing that a copy of the contract of affreightment should have been attached to the libel. In the *Sun Mutual Ins. Co. v. Mississippi Valley Transp. Co.*, 14 Fed. Rep. 699, 701, the court said:

"If the contracts of affreightment were in writing the libel should so state, and annex the same, or give a legal excuse for not so doing."

In *Card v. Hines*, 33 Fed. Rep. 189, the court said, in a similar case:

"It cannot be said that the libelant has violated any rule in omitting the copy. There, however, seems excellent reason for annexing it. As a matter of good practice, let it be done in this case and in all future cases within this jurisdiction."

The practice supported by these cases is undeniably a good one, and should be followed in this court whenever practicable.

Counsel for libelant may have five days to amend and counsel for respondent five days thereafter to answer.